UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

CHERRY ANAYA,

     Petitioner,

v.                                       No. 1:26-cv-359-DHU-GJF

CARL WILKEN, Warden, *et al.*,

     Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Petitioner's 28 U.S.C. § 2254 Habeas Petition (Doc. 1). Petitioner is incarcerated, proceeding *pro se*, and has paid the habeas filing fee. She challenges her 2020 state convictions for armed robbery, conspiracy to commit armed robbery, unauthorized use of the card of another, and theft of identity. Petitioner has also filed a Motion for Appointment of Counsel (Doc. 2). Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will deny the Motion for Appointment of Counsel without prejudice and require Petitioner to show cause why her Petition should not be dismissed as untimely.

## BACKGROUND

On August 19, 2020, Petitioner was found guilty by a jury of armed robbery, conspiracy to commit armed robbery, unauthorized use of the card of another, and theft of identity. *See* Judgment, Sentence and Commitment, filed in Case No. D-905-CR-2019-0496.[1] The state court

---

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Petitioner's state court criminal dockets, Case Nos. D-905-CR-2019-0496, A-1-CA-39331, S-1-SC-39629, and S-1-SC-40775. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

sentenced her to a term of twelve years imprisonment. *Id.* The state court entered judgment on the conviction and sentence on August 24, 2020. *See id.* Petitioner filed a direct appeal, and the New Mexico Court of Appeals (NMCA) affirmed her conviction on October 4, 2022. *See* Memorandum Opinion, filed in Case No. A-1-CA-39331. The New Mexico Supreme Court (NMSC) denied certiorari relief on December 22, 2022. *See* Order Denying Cert. Pet., filed in Case No. S-1-SC-39629. The state dockets reflect Petitioner did not seek further review with the United States Supreme Court (USSC). Her conviction therefore became final, at the latest, on March 22, 2023, *i.e.,* the first business day after expiration of the 90-day federal certiorari period. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (where petitioner declines to seek federal certiorari review on direct appeal, the conviction becomes final after the 90-day USSC certiorari period has passed).

There was no further activity by Petitioner in the state criminal case until November 7, 2024, when she filed a Petition for Habeas Corpus. *See* Petition for Writ of Habeas Corpus, filed in Case No. D-905-CR-2019-0496. The state trial court dismissed the habeas petition on January 2, 2025. *See* Decision and Order of Summary Dismissal, filed in Case No. D-905-CR-2019-0496. Petitioner sought state certiorari review of the state court's order, and the NMSC denied the petition for certiorari on March 28, 2025. *See* Order Denying Petition in Case No. S-1-SC-40775. On February 17, 2025, Petitioner filed a second Petition for Writ of Habeas Corpus, and the state trial court dismissed the second habeas petition on March 26, 2025. *See* Petition for Writ of Habeas Corpus, and Decision of Summary Dismissal, both filed in Case No. D-905-CR-2019-0496.

Petitioner filed the federal Section 2254 Petition on February 9, 2026. She challenges her state conviction and raises claims regarding, *inter alia*, ineffective assistance of counsel. *See* (Doc. 1) (Petition) and (Doc. 5) (Amended Petition). The Court will conduct an initial review of the Petition pursuant to Habeas Corpus Rule 4.

## DISCUSSION

Habeas Corpus Rule 4 requires a *sua sponte* review of Section 2254 claims. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the petition is not dismissed, the judge must order the [Attorney General] to file an answer …." *Id.* As part of the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a … habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). The one-year limitation period can be extended:

(1)     While a state post-conviction motion is pending, § 2244(d)(2);

(2)     Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)     Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)     Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D). Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, the limitation period began to run no later than March 22, 2023, when the direct appeal period expired in connection with the Judgment.   *See Locke*, 237 F.3d at 1271-1273. There was no discernable tolling activity during the next year, and the one-year period expired on March 22, 2024.   Any state habeas petitions filed after that date did not restart the clock or otherwise impact the expired limitations period.   *See Gunderson v. Abbott*, 172 F. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (Section § 2254 "petitions cannot be tolled for time spent in state post-conviction proceedings because [petitioner's state] applications for post-conviction relief were not filed until after ... the end of the limitations period").[2]   Accordingly, Petitioner must show cause why the Petition filed February 9, 2026 is not time-barred.

The Court also considers Petitioner's Motion for Appointment of Counsel.   (Doc. 2). There is no constitutional right to counsel in a habeas proceeding.   *See Coronado v. Ward,* 517 F.3d 1212, 1218 (10th Cir. 2008).   Unless and until an evidentiary hearing is held, "[t]he decision to appoint counsel is left to the sound discretion of the district court."   *Engberg v. Wyoming*, 265

---

[2] The Supreme Court has created one exception to this general rule.  *Jimenez v. Quarterman* provides that a state habeas order granting an out of time appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal."   555 U.S. 113, 120-21 (2009).   The *Jimenez* exception is inapplicable here because Petitioner did not obtain state habeas relief, and her direct appeal period was not reopened.

F.3d 1109, 1122 (10th Cir. 2001).   Factors guiding such discretion include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."   *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).   Considering these factors, the Court is not persuaded that habeas counsel should be appointed.   The Petition appears to raise cogent Section 2254 claims and it appears Petitioner is capable of prosecuting this action.   The Motion for Appointment of Counsel (Doc. 2) will therefore be denied without prejudice.

**IT IS THEREFORE ORDERED** that within thirty (30) days of entry of this Order, Petitioner must file a response showing cause, if any, why her Section 2254 Petition should not be dismissed as untimely.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel (**Doc. 2**) is **DENIED without prejudice**.

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE