**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CHERRY ANAYA,

Petitioner,

v. No. 1:26-cv-359-DHU-GJF

CARL WILKEN, Warden, *et al.*,

Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Cherry Anaya's *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 1), in which she challenges her 2020 state convictions for armed robbery, conspiracy to commit armed robbery, unauthorized use of the card of another, and theft of identity. The Court previously directed Petitioner to show cause why her Petition should not be dismissed for failure to file within the one-year statute of limitations period. (Doc. 6). Having reviewed the Response (Doc. 8) and applicable law, the Court concludes the Petition is time-barred and Petitioner does not demonstrate grounds for tolling. The Court will dismiss the Petition pursuant to Habeas Corpus Rule 4.

## BACKGROUND

On August 19, 2020, Petitioner was found guilty by a jury of armed robbery, conspiracy to commit armed robbery, unauthorized use of the card of another, and theft of identity. *See* Judgment, Sentence and Commitment, filed in Case No. D-905-CR-2019-0496.[1] The state court

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Petitioner's state court criminal dockets, Case Nos. D-905-CR-2019-0496, A-1-CA-39331, S-1-SC-39629, and S-

sentenced her to a term of twelve years imprisonment. *Id.* The state court entered judgment on the conviction and sentence on August 24, 2020. *See id.* Petitioner filed a direct appeal, and the New Mexico Court of Appeals (NMCA) affirmed her conviction on October 4, 2022. *See* Memorandum Opinion, filed in Case No. A-1-CA-39331. The New Mexico Supreme Court (NMSC) denied certiorari relief on December 22, 2022. *See* Order Denying Cert. Pet., filed in Case No. S-1-SC-39629. The state dockets reflect Petitioner did not seek further review with the United States Supreme Court (USSC). Her conviction therefore became final, at the latest, on March 22, 2023, *i.e.,* the first business day after expiration of the 90-day federal certiorari period. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (where petitioner declines to seek federal certiorari review on direct appeal, the conviction becomes final after the 90-day USSC certiorari period has passed).

There was no further activity by Petitioner in the state criminal case until November 7, 2024, when she filed a Petition for Writ of Habeas Corpus. *See* Petition for Writ of Habeas Corpus, filed in Case No. D-905-CR-2019-0496. The state trial court dismissed the habeas petition on January 2, 2025. *See* Decision and Order of Summary Dismissal, filed in Case No. D-905-CR-2019-0496. Petitioner sought state certiorari review of the state court's order, and the NMSC denied the petition for certiorari on March 28, 2025. *See* Order Denying Petition in Case No. S-1-SC-40775. On February 17, 2025, Petitioner filed a second Petition for Writ of Habeas Corpus, and the state trial court dismissed the second habeas petition on March 26, 2025. *See*

---

1-SC-40775. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

Petition for Writ of Habeas Corpus, and Decision of Summary Dismissal, both filed in Case No. D-905-CR-2019-0496.

Petitioner initiated this Section 2254 proceeding on February 9, 2026 (Doc. 1) and filed an Amended Petition on April 23, 2026 (Doc. 5). She challenges her state conviction and raises claims regarding, *inter alia*, ineffective assistance of counsel. By an Order entered July 16, 2026, the Court screened this case under Habeas Corpus Rule 4 and determined that, absent grounds for tolling, the habeas one-year limitations period expired on March 22, 2024 and the Section 2254 Petition filed February 9, 2026 was untimely. (Doc. 6). The Court explained that Petitioner's state habeas petitions did not restart the clock or otherwise impact the expired limitations period. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Accordingly, the Court ordered Petitioner to show cause why the Section 2254 proceeding should not be dismissed as untimely. (Doc. 6) at 5. On August 19, 2026 Petitioner filed her response to the show-cause Order. (Doc. 8) (Response).

## DISCUSSION

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the criminal judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Because the limitations period is not jurisdictional, it can also be extended through equitable tolling. *See Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, Petitioner's convictions became final and the one-year statute of limitations began to run on March 22, 2023, the first business day after the deadline to file a petition for a writ of certiorari in the United States Supreme Court. *See Hall*, 117 Fed. App'x at 20 (explaining that a conviction becomes final after the time-period for filing a petition for a writ of certiorari in the United States Supreme Court has lapsed). There was no tolling activity in the year that followed, so the one-year limitation period for filing a Section 2254 habeas petition expired on March 22, 2024. *See* 28 U.S.C. § 2244(d)(1). Petitioner's state habeas petitions, filed on November 7, 2024 and February 17, 2025, did not restart the clock or otherwise impact the expired limitations period. *See Gunderson v. Abbot*, 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the … [one-year] deadline does not toll the limitations period."); *Fisher*, 262 F.3d at 1142-43 (same). Accordingly, absent equitable tolling, the one-year limitations period expired on March 22, 2024, and any Section 2254 claims filed after that date are time-barred.

The Court explained the above principles in its Order to Show Cause. (Doc. 6). In her Response to the Order to Show Cause, Petitioner does not contest the above timeline of state court filings. (Doc. 8). The Court discerns that the Response, construed liberally, asks the Court to apply the doctrine of equitable tolling because Petitioner attempted to submit her state habeas corpus petition on September 20, 2023, and made efforts to follow the status of the petition through

the state court website. *Id.* at 1. Petitioner states that she made a second effort to pursue state habeas relief by re-submitting a petition in October 2024, which was ultimately filed on November 7, 2024. *Id.* Petitioner asserts that her September 20, 2023 petition was either lost, delayed, or otherwise not received by the state court, and she made reasonable efforts to pursue her claim by submitting a second petition. *Id.* at 2.

The one-year statute of limitations for filing a writ of habeas corpus may be tolled either through statutory or equitable tolling. *See* 28 U.S.C. § 2244; *Holland v. Florida*, 560 U.S. at 651-52 (holding that 28 U.S.C. § 2244 "is subject to equitable tolling in appropriate cases"). Statutory tolling occurs: (i) while a state habeas petition is pending; (ii) where unconstitutional state action has impeded the filing of federal habeas petition; (iii) where the Supreme Court has recognized a new constitutional right that affects the petitioner's claim; or (iv) where the factual basis for the petitioner's claims could not have been discovered until after the limitations period had expired. *See* 28 U.S.C. § 2244(d)(1)-(2). By contrast, equitable tolling provides more generalized relief; a petitioner is entitled to equitable tolling if the petitioner shows that she has been pursuing her rights diligently and that some extraordinary circumstances stood in her way. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

## I. EQUITABLE TOLLING

Equitable tolling is "a rare remedy to be applied in unusual circumstances." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015). The doctrine only applies if some extraordinary circumstance outside of the petitioner's control prevented the petitioner from timely filing. *See*

*Lawrence v. Florida*, 549 U.S. 327 (2007); *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances." *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). The Petitioner must also separately describe "the steps he took to diligently pursue his federal claims while those circumstances existed." *Pena-Gonzales v. State*, 2022 WL 214747, at *1 (10th Cir. Jan. 25, 2022) (noting that *Yang* requires both "extraordinary circumstances *and* due diligence") (emphasis in original); *see also Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998) (equitable tolling requires "specificity regarding the alleged lack of access and the steps [petitioner] took to diligently pursue his federal" petition).

**A. First Element of Equitable Tolling: Extraordinary Circumstances**

In her show-cause Response, Petitioner argues the Court should apply the doctrine of equitable tolling because she attempted to file a state habeas petition on September 20, 2023, but it was not entered on the docket, so she filed a second state habeas petition on November 7, 2024. (Doc. 8) at 1-2. However, Petitioner does not demonstrate that her attempt at filing a state habeas petition on September 20, 2023 prevented her from filing a Section 2254 petition during the duration of the one-year limitations period, *i.e.*, between March 22, 2023 and March 22, 2024. Petitioner's decision to pursue a state habeas petition instead of a federal habeas petition does not excuse a late Section 2254 filing. The Tenth Circuit explains: "Any confusion or misunderstanding on [Petitioner's] part" is "insufficient to invoke equitable tolling because ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Ramirez v. Allbaugh*, 771 Fed. App'x 458, 462 (10th Cir. 2019); *Marsh*, 223 F.3d at 1229 ("It is well established that ignorance of the law . . . does not excuse prompt filing."). Moreover,

Petitioner's first state habeas petition was not filed until November 7, 2024, after the one-year limitation period for filing a Section 2254 habeas petition had run on March 22, 2024. Consequently, Petitioner cannot demonstrate an extraordinary circumstance based on her confusion regarding the one-year limitation period or a delay due to pursuing a state habeas petition first. *See Trimble v. Hansen*, 764 Fed. App'x 721, 724 (10th Cir. 2019) ("[A]ny invocation of equity to relieve the strict application of [the habeas] statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.").

For these reasons, the Court concludes that Petitioner's show-cause Response does not demonstrate extraordinary circumstances prevented her from timely filing a Section 2254 petition during the one-year period, *i.e.*, between March 22, 2023 and March 22, 2024. Therefore, Petitioner does not meet the first element of the equitable tolling test.

**B. Second Element of Equitable Tolling: Due Diligence**

Alternatively, even if Petitioner could establish extraordinary circumstances, she does not show due diligence. *See Pena-Gonzales*, 2022 WL 214747, at *1 (A habeas petitioner must show both extraordinary circumstances and that the petitioner "diligently pursue[d] his federal claims while those circumstances existed."). To show "due diligence" in the habeas context, a petitioner must allege specific facts about the steps that she took to pursue her claim. *See Miller*, 141 F.3d at 978 (addressing due diligence under the equitable tolling standard, and noting the inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition).

In her response to the show-cause Order, Petitioner states that she "made consistent efforts to follow the status of" her state habeas petition through the state court website, and that when her September 20, 2023 petition was not filed, she made a second effort to pursue state habeas relief by re-submitting a petition in October 2024, which was ultimately filed on November 7, 2024. (Doc. 8) at 1-2. Nevertheless, Petitioner does not describe what particular steps she took to follow her state habeas petition, or why she did not file a federal petition during the limitation period. While Petitioner discusses pursuing her state habeas petition, she does not explain what steps she took to pursue her *federal* petition, which was not filed until February 9, 2026 – almost two years after the limitation period ran. *See Miller*, 141 F.3d at 978 (explaining the inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition); *Gordon v. Crow,* 2023 WL 3065542, at *2 (10th Cir. 2023) ("[W]hat a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall."); *Donald v. Pruitt*, 853 Fed. App'x 230, 234 (10th Cir. 2021) (inmate must show he "was pursuing his rights diligently throughout the one-year window"). Petitioner, therefore, fails to satisfy either prong of the equitable tolling test.

## II. STATUTORY TOLLING

Statutory tolling occurs: (i) while a state habeas petition is pending; (ii) where unconstitutional state action has impeded the filing of federal habeas petition; (iii) where the Supreme Court has recognized a new constitutional right that affects the petitioner's claim; or (iv) where the factual basis for the petitioner's claims could not have been discovered until after the limitations period had expired. *See* 28 U.S.C. § 2244(d)(1)-(2). The Court does not see a new constitutional right that the Supreme Court has identified that affects Petitioner's claims, nor does

Petitioner identify new facts that have come to light regarding her conviction. The Court's analysis will therefore hinge on whether Petitioner's state habeas petition was tolled appropriately and whether unconstitutional state action impeded Petitioner's ability to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1).

As stated above, Petitioner's convictions became final on March 22, 2023, and the one-year limitation period expired on March 22, 2024. Petitioner filed her first state habeas petition more than a year later on November 7, 2024, and a second state habeas petition on February 17, 2025. *See* Petitions for Writ of Habeas Corpus, both filed in Case No. D-905-CR-2019-0496. The Tenth Circuit has held that state habeas proceedings or other tolling motions filed after the expiration of the one-year period cannot restart the clock or otherwise impact the expired limitations period. *See Gunderson v. Abbott*, 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the … [one-year] deadline does not toll the limitations period."); *Fisher*, 262 F.3d at 1142-43 ("[P]etitions cannot be tolled for time spent in state post-conviction proceedings because [petitioner's state] applications for post-conviction relief were not filed until after … the end of the limitations period."); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir. 2000) (holding that the statute of limitations period is not reset when a state petition is denied); *Rashid v. Khulman*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) ("The tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

The Supreme Court has created one exception to this rule. In *Jimenez v. Quarterman*, 555 U.S. 113, 120-21 (2009), the Supreme Court held that a state habeas order granting an out-of-time

appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal." The *Jimenez v. Quarterman* exception is inapplicable here because the state habeas petitions did not reopen Petitioner's direct appeal period. Consequently, the state court orders denying Petitioner's state habeas petitions have no bearing on the timeliness of Petitioner's Section 2254 claims.

Petitioner may also seek statutory tolling based on her September 20, 2023 state habeas petition not being filed on the state docket, on the theory that it was a state-created impediment to filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(B); *Aragon v. Williams*, 819 Fed. App'x 610, 613 (10th Cir. 2020). However, any delay in filing a state habeas petition does not constitute a state-created impediment to filing because that did not make it impossible for Petitioner to file a federal habeas petition. Section 2244(d)(1)(B) requires a state prisoner to file her federal habeas petition within one year of "the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B); *see Corson v. Colorado*, 722 Fed. App'x 831, 834 (10th Cir. 2018) (noting that § 2244(d)(1)(B) "relates to an impediment that prevents the filing of a federal court action") (citation omitted). To take advantage of § 2244(d)(1)(B), a petitioner must "allege specific facts that demonstrate how [the state action] … impeded his ability to file a federal habeas petition." *Weibley*, 50 Fed. App'x at 403. For example, the petitioner must show that the state action prevented the petitioner from filing a federal petition, rather than just discouraging the petitioner from filing the petition. *See, e.g., U.S. v. Thody*, 460 Fed. App'x 776, 780-81 (10th Cir. 2012) (rejecting statutory tolling argument where the petitioner was not prevented from filing a habeas

petition, although he thought it would be useless because of a detainer). Statutory tolling under § 2244(d)(1)(B) can apply "when the State thwarts a prisoner's access to the courts … by denying an inmate access to his legal materials or a law library." *Aragon*, 819 Fed. App'x at 613. The lack of access, however, "must have actually prevented the inmate from filing his application." *Id.* (declining to apply tolling and noting that the "fact that Petitioner did not inquire into the nature of his sentences or conduct legal research until [after the one-year period] is not attributable to the state").

While Petitioner contends she attempted to file an earlier state habeas petition, she does not allege any specific facts that demonstrate state action impeded her ability to file a federal habeas petition, or that she was actually prevented from filing a federal petition. The Court, therefore, concludes that Petitioner has not sufficiently alleged facts that statutorily toll the statute of limitations. *See Aragon*, 819 Fed. App'x at 613 (explaining that the state action "must have actually prevented the inmate from filing his application.").

In sum, the Court finds that Petitioner's Response to the Show Cause Order does not establish grounds for equitable or statutory tolling. The one-year limitations period expired on March 22, 2024, and the federal habeas proceeding filed on February 9, 2026 is time-barred. The Court must therefore dismiss this habeas proceeding with prejudice. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS THEREFORE ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (**Doc. 1**) is **DISMISSED with prejudice** as time-barred; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil case.

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE